IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NELSON MEDINA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO CONTINUE TRIAL<br><br><br><br>Case No. 2:10-CR-867 TS |

Counsel for Defendant moves to continue the January 20, 2011 trial because "both parties request more time to continue with plea negotiations" and Defendant requires "additional time to prepare for trial on the additional count" contained in a Superseding Information. The government stipulates to the Motion.

The Court finds that Counsel has not shown why he could not, considering due diligence, be prepared for trial now set for January 20, 2011. As the Tenth Circuit has explained:

> Our decisions . . . indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient. . . .

1

Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.[1]

In *United States v. Larson*,[2] the Tenth Circuit has further explained what is insufficient for the Court to make the required ends-of-justice findings necessary to exclude time. As in *Larson*, in the present case there is no information on "how much time defense counsel need[s] to prepare for trial and what preparations he has already made."[3] Without this type of information, the Court can not "adequately determine whether denying the continuance would deprive defense counsel of the 'reasonable time necessary for effective preparation, taking into account the exercise of due diligence.'"[4] It is therefore

ORDERED that Defendant's Motion to Continue trial (Docket No. 54) is DENIED WITHOUT PREJUDICE. Defendant may re-file his Motion with the information necessary for the Court to make an ends-of-justice finding.

DATED January 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] *United States v. Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009) (footnote and citations omitted).

[2] __ F.3d __, 2010 WL 5151635 (10th Cir. Dec. 20, 2010).

[3] *Id*. at *4.

[4] *Id*. (quoting 18 U.S.C. § 3161(h)97)(B)(iv)) (emphasis added in *Larson*).