IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NELSON MEDINA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING MOTIONS TO SUPPRESS<br><br>Case No. 2:10-CR-867 TS |

This matter is before the Court on Defendant Nelson Medina's Objections to the Magistrate Judge's Report and Recommendation. For the reasons discussed below, the Court will overrule Defendant's Objections, adopt the Report and Recommendation issued by the Magistrate Judge, and deny Defendant's Motions to Suppress.

## I. PROCEDURAL BACKGROUND

Defendant filed his Motion to Suppress on February 14, 2011.[1] The Magistrate Judge held an evidentiary hearing on the Motion on April 6, 2011.[2] In his initial Memorandum in Support of the Motion, Defendant raised two issues concerning: (1) Detective Page's interrogation; and (2) Detective Page's testimony.[3] After the filing of Defendant's Memorandum in Support, the government sought to re-open the evidentiary hearing,[4] which the Magistrate Judge granted.[5] A second evidentiary hearing was held on July 26, 2011,[6] after which Defendant sought to strike the second argument raised in his Memorandum in Support.[7] The government responded to Defendant's Motion to Suppress on August 5, 2011,[8] and the Magistrate Judge issued his Report and Recommendation on September 12, 2011.[9]

In his Report and Recommendation, the Magistrate Judge recommended that the Court deny Defendant's Motion to Suppress. Defendant filed his objection to the Report and

---

[1]Docket No. 54.

[2]Docket No. 74.

[3]Docket No. 80.

[4]Docket No. 81.

[5]Docket No. 83.

[6]Docket No. 87.

[7]Docket No. 85. The Court will grant Defendant's Motion.

[8]Docket No. 88.

[9]Docket No. 91.

Recommendation on September 27, 2011.[10] The government filed its response to Defendant's Objection on October 26, 2011.[11] Defendant's Objection is now fully briefed and ripe for decision.

## II. FACTUAL BACKGROUND

Defendant objects to only one of the Magistrate Judge's findings of fact. The Court will, therefore, adopt the Magistrate Judge's findings of fact, with one exception, which will be discussed in further detail below.

On August 28, 2010, Officer Neighbor stopped a Toyota Camry after witnessing the vehicle run a red light. Defendant Medina was the driver of the vehicle and co-Defendant Cespedes was the passenger.

Officer Neighbor obtained identification from both occupants and learned that both licenses were either revoked or suspended. In addition, Defendant Medina had a pending warrant for his arrest.

As neither occupant could drive the vehicle, Officer Neighbor, following protocol, impounded the Camry and conducted an inventory search. During the inventory search, Officer Neighbor discovered a package wrapped in Saran Wrap with mustard and pepper lining its inside. Officer Neighbor asked Cespedes whether the package was his, to which Cespedes responded negatively. Officer Neighbor then engaged in the following exchange with Medina:

---

[10]Docket No. 94.

[11]Docket No. 98.

> Neighbor: Do you know what this is?
> Medina: (Unidentifiable negative response).
> Neighbor: You didn't see this before?
> Medina: (Unidentifiable negative response).

Officer Neighbor opened the package to verify its contents. Inside the package, Officer Neighbor discovered a large amount of methamphetamine. After finding the methamphetamine, Officer Neighbor had the following discussion with Defendant:

> Neighbor: I'm going to read you your rights, okay? You know you have the right to an attorney. You have the right to remain silent. You don't have to say anything about anything. You have the right to have an attorney with you when you're questioned. If you can't afford one, the court will appoint one to you. Do you understand your rights?
> Medina: (Unidentifiable affirmative response).
> Neighbor: Do you want to talk to me?
> Medina: (Unidentifiable negative response).
> Neighbor: Huh?
> Medina: No
> Neighbor: K

Officer Neighbor ceased questioning at that point. At no point did Defendant ask for an attorney. Defendant was then arrested. After discussing the case with a drug task force officer, Officer Neighbor drove Defendant to the task force office. During the drive, Officer Neighbor and Defendant engaged in unremarkable small talk. After a brief moment of silence, and without any prompting or questioning from Officer Neighbor, Defendant motioned his head toward the methamphetamine and asked how much "time" Officer Neighbor thought he (Medina) would get.[12]

---

[12] Defendant has not sought suppression of this statement.

At the task force office, Detective Page interviewed Defendant. About an hour had elapsed between Defendant's arrest and the interview with Detective Page. Defendant was not in handcuffs, appeared comfortable, and accepted a beverage. Detective Page read Defendant his *Miranda* rights and asked if Defendant would be willing to talk to him. Defendant nodded affirmatively, said "yes," and started talking with Detective Page. During this conversation, Defendant made certain incriminating statements, after which he requested an attorney and the interview was stopped.

## III. DISCUSSION

As to those portions of the Report and Recommendation to which Defendant has objected, the Court reviews the Report and Recommendation *de novo*.[13]

> In order to conduct a de novo review a court "should make an independent determination of the issues . . . ; [it] 'is not to give any special weight to the [prior] determination' . . . ." "The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[14]

Defendant makes one objection to the Magistrate Judge's finding of fact, concerning the initial interaction between Officer Neighbor and Defendant Medina. The Magistrate Judge characterized the conversation between the two as follows: "Officer Neighbor conversed briefly with Defendant Medina, who then declined speaking further with the officer."[15] Defendant

---

[13] 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

[14] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368, (1967); *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

[15] Docket No. 91, at 3.

5

objects to this characterization, arguing that it "greatly downplays an essential interaction between Officer Neighbor and Defendant Medina."[16] Defendant does not object, however, to the statement of facts provided by the government, which sets out the conversation in more detail. As the parties do not dispute the more detailed statements set forth above, the Court will consider the entirety of the statements in making its determination. Therefore, the Court need not determine whether the Magistrate Judge's characterization of the conversation was erroneous.

Defendant next argues that the Magistrate Judge's Report and Recommendation was incorrect because: (1) Officer Neighbor did interrogate Defendant; and (2) Medina's right to remain silent was not scrupulously honored. The government has since withdrawn its argument that Officer Neighbor did not interrogate Defendant.[17] As a result, the Court need only determine whether Defendant's right to remain silent was scrupulously honored.

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."[18] *Miranda v. Arizona*,[19] "stands for the well-known proposition that a suspect in custody has a constitutional right under the Fifth Amendment to remain silent."[20] If a suspect invokes his right to remain silent, the admissibility of statements

---

[16]Docket No. 94, at 2.

[17]Docket No. 98, at 4 n.2.

[18]U.S. Const. amend. 5.

[19]384 U.S. 436 (1966).

[20]*United States v. Alexander*, 447 F.3d 1290, 1294 (10th Cir. 2006).

6

obtained thereafter depends on whether his right to cut off questioning was "scrupulously honored."[21]

In *Michigan v. Mosley*, the Supreme Court found that police had "scrupulously honored" a suspect's right to remain silent where, after invocation of the right, "the police . . . immediately ceased the interrogation, resumed questioning only after the passage of a significant period of time and the provision of a fresh set of warnings, and restricted the second interrogation to a crime that had not been a subject of the earlier interrogation."[22]

The Tenth Circuit, following *Mosley*, has stated:

> officers can reinitiate questioning only if: (1) at the time the defendant invoked his right to remain silent, the questioning ceased; (2) a substantial interval passed before the second interrogation; (3) the defendant was given a fresh set of Miranda warnings; and (4) the subject of the second interrogation was unrelated to the first.[23]

Defendant concedes that the first three elements are met here. Thus, the Court's discussion is limited to the fourth element. On that issue, it is clear that the subject matter of both the initial interrogation with Officer Neighbor and the later interrogation with Detective Page concerned the same subject. Therefore, the Court must consider whether the fact that both interrogations concerned the same subject matter violates Defendant's rights under *Miranda* and *Mosley*.

---

[21] *Michigan v. Mosley*, 423 U.S. 96, 104 (1975).

[22] *Id*. at 106.

[23] *United States v. Glover*, 104 F.3d 1570, 1580 (10th Cir. 1997).

As set forth above, the Tenth Circuit has adopted a four-part test in light of *Mosley*. Under that test, a second interrogation after a suspect invokes his or her right to remain silent is proper only if the subject of the second interrogation was unrelated to the first. The Tenth Circuit has, however, recognized that "other courts of appeal have concluded . . . that police may return to the original subject of interrogation."[24] The Tenth Circuit has not addressed this issue directly.[25]

In an unpublished decision, reviewing the decision of the Kansas Supreme Court, the Tenth Circuit noted that various courts of appeal had rejected the argument that *Mosley* amounts to a bright-line test.[26] In *Robinson*, the Tenth Circuit reviewed a decision from the Kansas Supreme Court where the Kansas Supreme Court had refused to find a *Miranda* violation where a defendant was question about the same crime after invoking his right to remain silent.[27] The Tenth Circuit found that the Kansas Supreme Court's decision "was not based on an unreasonable application or interpretation of *Mosley*."[28]

Though the Tenth Circuit has not squarely addressed this issue, the majority of the circuits that have addressed it have held that the mere fact that the second interrogation concerns the same subject matter as the first does not, by itself, render the second interview

---

[24]*United States v. Rambo*, 365 F.3d 906, 911 n.5 (10th Cir. 2004).

[25]*Id*. ("We decline to take up these questions because we conclude that the most essential requirement, the cessation of interrogation, did not occur in this case.").

[26]*Robinson v. Att'y Gen. of the State of Kan.*, 28 Fed. App'x 849, 853 (10th Cir. 2001).

[27]*Id*.

[28]*Id*.

unconstitutional.[29] Rather, these courts focus on "whether the police, in conducting the interview, sought to undermine the suspect's resolve to remain silent"[30] and whether the suspect "was in control of the decision to provide a statement."[31] "The key inquiry remains whether defendant 'was in charge of the decision whether and to whom he would speak.'"[32]

The Court agrees with these decisions. The fact that the second interrogation here involved the same subject matter as the first is not dispositive. Rather, the Court must determine whether Defendant's right to remain silent was scrupulously honored. The fact that the same subject was discussed in both interrogations is but one factor the Court considers in making this determination. While the *Mosley* Court considered this factor in making its determination, it did not "elevate[] any one factor as predominant or dispositive nor suggest that the enumerated factors are exhaustive."[33] The issue remains whether Defendant's invocation of his right to remain silent was "scrupulously honored." The facts of this case convince the Court that it was.

In this matter, Officer Neighbor informed Defendant of his rights, including his right to remain silent. After Defendant invoked that right, Officer Neighbor immediately ceased questioning. Defendant was then transported to the task force office. Approximately an hour

---

[29]*United States v. Schwensow*, 151 F.3d 650, 659 (7th Cir. 1998) (collecting cases); *see also Weeks v. Angelone*, 176 F.3d 249, 269 (4th Cir. 1999) (same).

[30]*Schwensow*, 151 F.3d at 659.

[31]*United States v. Guerrero*, 524 F.3d 5, 12 (1st Cir. 2008).

[32]*United States v. Thongsophaporn*, 503 F.3d 51, 57 (1st Cir. 2007) (quoting *United States v. Andrade*, 135 F.3d 104, 107 (1st Cir. 1998)).

[33]*Schwensow*, 151 F.3d at 659.

9

after he had been arrested, Defendant was approached by a different officer: Detective Page. At this time, Defendant was not handcuffed, appeared comfortable, and was offered a beverage. Detective Page provided Defendant a new set of *Miranda* warnings and Defendant agreed to speak to the detective. After making incriminating statements, Defendant invoked his right to counsel, at which point the interview was stopped.

These facts lead the Court to the conclusion that Defendant's right to remain silent was scrupulously honored. There is nothing in the record to indicate that the police sought to undermine Defendant's decision to remain silent. The record shows that Defendant was in charge of his decision to speak and chose to make a statement to Detective Page. This conclusion is supported by the fact that Defendant later invoked his right to counsel, at which point the interrogation ceased. The Court finds from these facts that Defendant's right to remain silent was scrupulously honored despite the fact that both interrogations involved the same subject.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Objection to the Magistrate Judge's Report and Recommendation (Docket No. 94) is OVERRULED. It is further

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 91) is ADOPTED IN FULL. It is further

ORDERED that Defendant's Motion to Suppress (Docket No. 64) is DENIED. It is further

ORDERED that Defendant's Motion to Strike (Docket No. 85) is GRANTED. It is further

ORDERED that the time from the filing of the Motions to Suppress—February 14, 2011—through the date of this Order is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H).

The parties are directed to contact the Magistrate Judge to set this matter for further proceedings.

DATED   October 31, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge